SAVOIE, Judge.
Leonard Guy, a juvenile, was adjudicated delinquent for purse-snatching. He was ordered committed to the custody of the Department of Corrections for a term not to exceed his twenty-first birthday. Neither the adjudication nor the commitment gave rise to any ground of appeal. Before us, counsel for Leonard Guy complains only, and rightly, as we find, that the Family Court Judge has imposed improper restrictive conditions on the Department of Corrections.
The commitment order reads, in pertinent part:
“No holiday leaves or weekend passes, leaves or paroles, etc. for one year. Not eligible for parole for a period not to exceed two (2) years.”
The statutes dealing with furloughs and release of juveniles in custody of the Department of Corrections are contained in L.S.A. Title 15:
“906. Release from commitment
The Department of Corrections may recommend to the committing court the release of any juvenile committed to its care, who, in the opinion of the department, is ready to be returned to his own home, or to a substitute home. Such juvenile may be discharged by the court without supervision or may be placed under supervision until further orders of the court.”
“It is hereby declared to be the public policy of this state that commitment of a juvenile to the care of the Department of Corrections is not punitive nor in anywise to be construed as a penal sentence, but as a step in the total treatment process toward rehabilitation of the juvenile and that, therefore, the recommendations of the department should be given careful consideration by the court in determining what is to the best interest of the juvenile.”
“If, after release from the care of the Department of Corrections, but while the juvenile is still under the supervision of the court, the court deems it advisable to return the juvenile to the care of the Department of Corrections, a recommitment order shall be furnished the department.”
Added by Acts 1970, No. 353, § 1.
“908. Student furlough program
“A. The director of the Department of Corrections may authorize a temporary furlough to deserving students of any juvenile institution, unless, after receiving notification of the proposed furlough, the juvenile court having jurisdiction notifies the department of its objection. The temporary furlough is to serve as a rehabilitative tool to assist the child in maintaining family and community relations during the period of his commitment.”
“A temporary furlough as provided herein is not to be considered a release from commitment and does not affect the jurisdiction of the juvenile court or the authority of the Department of Corrections as to the children granted a temporary furlough.”
“B. A responsible member of the child’s family or other previously approved adult must sign a custody receipt and provide transportation for the child to and from the juvenile institution.”
Added by Acts 1975, No. 449, § 1.
Though the Family Court Judge may well be correct in his present conviction, based on his experience with this case and his personal observation of the appellant, that rehabilitation will require at least one year imprisonment without furloughs and at least two years before release, he should not have imposed those restrictions in advance as part of the order of commitment. Under the statutes reproduced above, the initial decision to recommend a furlough or release is to be made by the Department of Corrections based solely on its expert judgment of the rehabilitative progress made by the affected juvenile during the period of commitment. Thereafter, the committing judge is empowered to exercise a veto, but he is duty bound to bear in mind the non-penal nature of juvenile commitments and to give “careful consideration” to the Department’s recommendations.
*659 The commitment order herein is hereby amended by striking out the restrictive conditions quoted in full above. As so amended, the judgment is affirmed.
AMENDED AND AFFIRMED.