LOLLEY, J.
I,The Department of Public Safety and Corrections, Youth Services (‘Youth Services”) and the District Attorney for Cad-do Parish, Louisiana (the “Caddo DA”) appeal an order by the Juvenile Court for *656 Caddo Parish, Louisiana, wherein N.C.W. was furloughed, with conditions of the furlough stated in the order. Finding that the juvenile court’s order both exceeded the statutory authority of the juvenile court, and invaded the authority legislatively vested with Youth Services, we reverse and vacate the order and remand with instructions.
FACTS
N.C.W. was born on August 4,1985. On July 31, 2000, N.C.W., then 14 years old, shot and killed George Deshun Elie. He was charged with second degree murder for that crime. In November 2000, he was adjudicated a delinquent for the offense of manslaughter in violation of La. R.S. 14:31 and ordered committed to the custody of Youth Services until his 21st birthday with recommendation for secure placement.[1]
In a separate incident, on August 1, 2000, the police were investigating the rape of a six-year-old girl for which N.C.W. was implicated. He was subsequently charged with aggravated rape, a violation of La. R.S. 14:42. For that crime he was also adjudicated a delinquent. By separate judgment, but on the same date, the juvenile court ordered N.C.W. be committed to the custody of Youth Services until his 21st birthday.[2]
12SubsequentIy, the juvenile court conducted a review hearing on October 6, 2005. After considering the evidence before it, the juvenile court ordered the immediate furlough of N.C.W. with the conditions that N.C.W.: (1) obtain and maintain gainful employment or other educational activity; (2) reside with a responsible adult; and (3) be supervised by Probation and Parole Services Office of Youth Services with reports to the juvenile court. N.C.W.’s furlough was ordered by the juvenile court despite a recommendation against it by Youth Services in its October 5, 2005 progress report to the court. This appeal by Youth Services and the Caddo DA ensued.
Discussion
On appeal, Youth Services and the Caddo DA argue that the juvenile court’s granting of a furlough to N.C.W. was made without the legal authority to order a furlough, and that doing so invades the power granted to the Deputy Secretary for Youth Services. We agree.
Louisiana Ch. C. art. 897.1 provides:
A. After adjudication of a felony-grade delinquent act based upon a violation of ... R.S. 14:42, aggravated rape ..., the court shall commit the child who is fourteen years or older at the time of the commission of the offense to the custody of the Department of Public Safety and Corrections to be confined in secure placement until the child attains the age of twenty-one years without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence.
* * *
C. At least six months prior to the release of the child, the department shall prepare an individualized and thorough transitional plan that identifies the techniques, programs, personnel, and facilities that will be used to assist the child in | ^¡achieving a successful return to his family'and the community. A copy of the transitional plan shall be mailed to the court that ordered the disposition of commitment.
This article was rewritten by Acts 2004, No. 484, § 1 to remove the prohibition against “furlough” and to add subsection *657 C.[3] The article was re-written to allow the department to permit temporary furlough under La. R.S. 15:908, even in Ch. C. art. 897.1 adjudications.
Louisiana R.S. 15:908 states:
A. The secretary for the Department of Public Safety and Corrections may authorize a temporary furlough to deserving students of any juvenile institution, unless, after receiving notification of the proposed furlough, the juvenile court having jurisdiction or the district attorney notifies the department of its objection. If the district attorney objects, the court shall set the matter for a contradictory hearing. The temporary furlough is to serve as a rehabilitative tool to assist the child in maintaining family and community relations during the period of his commitment. A temporary furlough as provided herein is not to be considered a release from commitment and does not affect the jurisdiction of the juvenile court or the authority of the department as to the children granted a temporary furlough.
B. A responsible member of the child’s family or other previously approved adult must sign a custody receipt and provide transportation for the child to and from the juvenile institution.
This very strong policy statement is found in La. R.S. 15:906:
A. (1) Except as provided for in Children’s Code Article 897.1, the Department of Public Safety and Corrections may recommend to the committing court the release of any juvenile | committed to its care, who, in the opinion of the department, is ready to be returned to his own home, or to a substitute home. Such juvenile may be discharged by the court without supervision or may be placed under supervision until further orders of the court.
(2) Except as provided for in Subsection B of this Section, it is hereby declared to be the public policy of this state that commitment of a juvenile to the care of the department is not punitive nor in anywise to be construed as a penal sentence, but as a step in the total treatment process toward rehabilitation of the juvenile and that, therefore, the recommendations of the department should be given careful consideration by the court in determining what is to the best interest of the juvenile. If, after release from the care of the department, but while the juvenile is still under the supervision of the court, the court deems it advisable to return the juvenile to the care of the department, a recommitment order shall be furnished the department.
B. In cases governed by Children’s Code Article 897.1, it is hereby declared to be the public policy of this state that commitment of a juvenile to the custody of the Department of Public Safety and Corrections for confinement in secure placement without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence, is necessary and proper because for these very serious offenses the protection of society is the primary objective. (Emphasis added).
*658 The apparent statutory intent is that those juveniles adjudicated under La. Ch. C. art. 897.1 (which this juvenile was) are to be committed to secure placement, without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence, in the first instance, and are subject only to temporary furlough at the behest of Youth Services. Temporary furlough can thus only be initiated by Youth Services, can be objected to (requiring a contradictory hearing) by the district attorney, and can be denied by the trial judge. See State in Interest of Guy, 413 So.2d 657 (La.App. 1st Cir.1982).
IsThe juvenile court’s actions here in provoking the hearings on furlough ex proprio motu and ordering a furlough without the authorization and against the considered judgment of Youth Services both exceeded the statutory authority of the juvenile court and invaded the furlough authority of Youth Services. We note that at the time of his furlough N.C.W. was 10 months short of his 21st birthday and his release from detention; and, whereas we understand the desire of the juvenile court to maintain control over N.C.W. while living outside the confines of his detention, the actions of the juvenile court simply are not provided for by statute. Finally, the fact that N.C.W. received .a “ticket” during detention on April 25, 2005 was discussed during the review proceedings. However, it is only in the progress report admitted at court that the “ticket” was explained. N.C.W, committed an “aggravated sex offense” in the presence of a Youth Services staff member. Considering that N.C.W. was adjudicated for the aggravated rape of a six year old and has been participating in ongoing sexual predator counseling, this particular offense, less than 6 months before his furlough, is considerably disturbing and raises further questions regarding the advisability of furloughing him.
Conclusion
For the foregoing reasons, the juvenile court’s order is reversed and vacated, and the case is remanded to the juvenile court with instructions. The order furloughing N.C.W. is hereby vacated, and he is ordered returned to secure placement in accordance with La. Ch. C. art. 897.1, in the custody of the Department of Public Safety and Corrections Youth Services. The | (¡trial court shall immediately issue such orders as may be necessary to return N.C.W. to secure placement, and he shall remain in secure placement, pending any application for rehearing to this court or any application for writs of certiorari to the Louisiana Supreme Court.
' REVERSED, VACATED AND REMANDED WITH INSTRUCTIONS.

. Case no. 40,922-JAC.

. Case no. 40,923-JAC.

. Previously, subsection A of the article read: A. Notwithstanding any other provision of law to the contrary, after adjudication of a felony-grade delinquent act based upon a violation of ... R.S. 14:42, aggravated rape ...; the court shall commit the child to the custody of the Department of Public Safety and Corrections to be placed within a secure detention facility until the child attains the age of twenty-one years without benefit of parole, probation, suspension of imposition or execution of sentence, modification, or furlough. (Emphasis added),