# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-85

## STATE OF LOUISIANA

## IN THE INTEREST OF D. B.

\*\*\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
### SIXTEENTH JUDICIAL DISTRICT COURT
### PARISH OF IBERIA, NO. 13-J-119
### HONORABLE KEITH RAYNE JULES COMEAUX, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

**DISPOSITION VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

**Richard A. Spears**
**Attorney at Law**
**101 Taylor Street**
**New Iberia, Louisiana 70560**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **D. B.**

**J. Phil Haney**
**District Attorney**
**Nicole Burke**
**Assistant District Attorney**
**300 Iberia Street, Room 200**
**New Iberia, Louisiana 70560**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PAINTER, Judge**

D. B. appeals the sentence imposed by the juvenile court in connection with his plea of guilty to second degree murder. For the following reasons, we vacate the disposition imposed and remand.

## FACTS AND PROCEDURAL HISTORY

D. B was charged with second degree murder in connection with the stabbing death of Alita Bailey on March 12, 2013. He was thirteen years old at the time of the offense.

On March 19, 2013, D. B. was charged by petition with one count of second degree murder. The day prior, on March 18, 2013, a continued custody hearing was held, and the court determined that he should remain in custody. On April 23, 2013, D. B. appeared to answer the petition and entered a denial to the charges. On September 30, 2013, he withdrew his plea of not guilty by reason of insanity and entered a not guilty plea. Then, on October 2, 2013, he again changed his plea from not guilty to guilty of second degree murder. On October 16, 2013, the juvenile court imposed the following disposition: life imprisonment without benefit of probation, parole, suspension of sentence, or modification of sentence until D. B. reaches the age of twenty-one. D. B. filed a timely motion for appeal, which was granted on October 21, 2013. D. B. is now before this court, alleging one assignment of error.

*Error Patent Review*

This court has found that an error patent review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. We have found errors patent that will be discussed herein, as well as an error patent regarding the disposition that is raised and assigned as error.

1

1. <u>Untimely Answer Hearing</u>

Louisiana Children's Code Article 854 provides as follows:

A. If the petition is filed prior to or during the hearing to determine continued custody, the court may order the child to answer the petition upon completion of the hearing. If not so ordered and the child is continued in custody, he shall be ordered to appear to answer the petition within five days after the filing of the petition.

B. In all other cases, the child shall be ordered to appear to answer the petition within fifteen days after the filing of the petition.

C. For good cause, the court may extend such period.

In this case, the petition was filed on March 19, 2013, a day after the continued custody hearing. Since D. B. was continued in custody, subsection A of article 854 required the answer hearing to be held within five days of the filing of the petition. Since two of the days within the five day period could not be counted because they were legal holidays (Saturday and Sunday), D. B.'s answer hearing should have been held by March 28, 2013.[1] D. B.'s answer hearing was not held until April 23, 2013, and was, therefore, untimely.

On March 20, 2013, the day following the filing of the petition, the juvenile court issued a written order setting the answer hearing for April 23, 2013. The order states that D. B., his parent, and his attorney were to be served with the order. In accordance with the order, the answer hearing was held on April 23, 2013, with no objection by D. B. to the untimely setting of the hearing.

The supreme court has rendered a series of rulings holding that a juvenile's failure to object to the untimely setting of a hearing constitutes a good cause extension of the time period. In the most recent case, *State in the Interest of D.J.*, 13-1111, p.1 (La. 1/10/14), 131 So.3d 35, 36, the supreme court reversed the fourth

---

[1] Louisiana Children's Code Article 114 provides that legal holidays are not to be counted if the time period is less than seven days. The article also states that Saturdays and Sundays are considered legal holidays.

circuit's decision dismissing a petition filed against a juvenile. In its opinion, *State in the Interest of D.J.*, 12-1416, p. 6 (La.App. 4 Cir. 4/10/13), 113 So.3d 503, 507, the fourth circuit rejected the State's argument that D. J. waived his right to a timely adjudication by failing to object to the adjudication date when it was initially set. Reversing the fourth circuit and reinstating the petition against D. J., the supreme court stated the following:

> Here, through administrative error arising from the movement of the case from one section of the juvenile court to another, the adjudication hearing was set five days after the expiration of the 30-day time limit without objection by the child. Before the expiration of the time limit, the state recognized the error and requested an extension to maintain the hearing date apparently agreed upon by all parties. The juvenile court found that good cause existed and granted the state's request. The court accordingly denied the child's motion to dismiss on the date set for the hearing, and thereafter adjudicated the juvenile delinquent. The court of appeal, relying on *State in the Interest of W.P.*, 11-1442 (La.App. 4 Cir. 3/7/12), 82 So.3d 571 (unpub'd), found that the juvenile court abused its discretion in denying the motion to dismiss because the child's acquiescence in the setting of an untimely hearing date did not waive his right to strict compliance with La.Ch.C. art. 877(A). The court of appeal therefore reversed the juvenile court's ruling, effectively vacating the lower court's adjudication of the juvenile as delinquent and its disposition of the case. *State in the Interest of D.J.*, 12-1416, pp. 5-6 (La.App. 4 Cir. 4/10/13), 113 So.3d 503, 507. The court of appeal erred in this determination. *See State in the Interest of W.P.*, 12-0794 (La.9/28/12), 98 So.3d 802 (remanding for reconsideration). Under the facts of the matter presented, the juvenile court did not abuse its discretion in denying the motion to dismiss. *See State in the Interest of R.D.C.*, 93-1865, p. 3 n. 4 (La. 2/28/94), 632 So.2d 745, 747 ("The hearing, originally set for June 30, 1992, was continued by the court until August 4, 1992, a date outside of the ninety day period [provided by La.Ch.C. art. 877(B) for adjudication hearings when the child is not continued in custody]. However, since the court, the child and the state agreed to this August 4, 1992 date, we will treat it as an extension for good cause by the court.").
>
> The decision of the court of appeal is therefore reversed, and the juvenile court's adjudication of delinquency and disposition of the case are hereby reinstated.

*D. J.*, 131 So.3d at 35-36.

3

We find that D. B.'s failure to object to the trial court's setting of an answer hearing outside of the time limits is to be considered an extension of the time period for good cause. *See also State in the Interest of W.P.*, 12-794 (La. 9/28/12), 98 So.3d 802, *State in the Interest of J.S.*, 11-2673 (La. 4/20/12), 85 So.3d 1277, and *State in the Interest of R.D.C., Jr.*, 93-1865, p. 3 (La. 2/28/94), 632 So.2d 745.

Louisiana Children's Code Article 854 allows for the time period to be extended for good cause. Having found that D. B.'s failure to object to the untimely setting of the answer hearing constituted a good cause extension of the time period, article 854 has been complied with.

2. Untimely Adjudication Hearing

The second error patent involves the time period for holding the adjudication hearing. Louisiana Children's Code Article 877 provides as follows:

> A. When the child is charged with a crime of violence as defined in R.S. 14:2(B) and the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within sixty days of the appearance to answer the petition. In all other cases, if the child is continued in custody pursuant to Chapter 5 of this Title, the adjudication hearing shall commence within thirty days of the appearance to answer the petition.
>
> B. If the child is not continued in custody, the adjudication hearing shall commence within ninety days of the appearance to answer the petition.
>
> C. If the hearing has not been commenced timely, upon motion of the child, the court shall release a child continued in custody and shall dismiss the petition.
>
> D. For good cause, the court may extend such period.

In this case, D. B. was continued in custody and was charged with second degree murder, a crime of violence as defined in La.R.S. 14:2(B). Thus, according to La.Ch.Code art. 877(A), D. B.'s adjudication should have started within sixty days of his appearance to answer the petition. Since D. B. appeared to answer the petition on April 23, 2013, his adjudication hearing should have taken place by

June 23, 2013. However, no adjudication hearing took place by June 23, 2013, and D. B. entered a plea of guilty to second degree murder on October 2, 2013. We find that the sixty-day time period provided for in La.Ch.Code art. 877 was extended for good cause in this case because D. B. agreed to the setting of the adjudication hearing outside of the time period.

As stated above, the supreme court's recent opinions suggest that the supreme court has decided that a juvenile's failure to object to the trial court's setting of an adjudication hearing outside of the time limits should be considered an extension of the time period for good cause. In this case, D. B did not merely fail to object to the setting of the adjudication hearing outside of the time period but actually agreed to the setting of the adjudication hearing outside of the time period. At the April 23, 2013, answer hearing, the juvenile court asked the parties if they wanted to "pick a date[.]" D. B.'s attorney agreed that a longer period was needed to prepare. The juvenile court set the status conference for July 24th since the Juvenile's father could not be present on June 26th. On July 10, 2013, prior to the July 24th status conference, D. B.'s counsel filed a "Waiver of Time Limitations on State of Louisiana."

D. B.'s counsel agreed to set the adjudication outside of the time period set forth in La.Ch.Code art. 877 much like the juvenile's counsel did in *R.D.C.* In the footnote addressing the agreement R.D.C.'s counsel made, the supreme court stated:

> The hearing, originally set for June 30, 1992, was continued by the court until August 4, 1992, a date outside of the ninety day period. However, since the court, the child and the state agreed to this August 4, 1992 date, we will treat it as an extension for good cause by the court.

*R.D.C.*, 632 So.2d at 747, n.4. In this case, D. B.'s counsel agreed to set the adjudication hearing outside of the time period when he initially appeared at the

5

answer hearing. Then, D. B.'s counsel documented his waiver of the time limitations in a written "Waiver of Time Limitations on State of Louisiana[,]" in which he stated that he had requested a continuance to retain a forensic psychologist and that he expressly waived his right to "any and all time limitations." On July 24, 2013, D. B.'s counsel again agreed to an extension of the time period so the State would have the opportunity to meet with the doctor who evaluated D. B. The adjudication hearing was set for October 2, 2013, on which date D. B. pled guilty to second degree murder.

Like the supreme court in *R.D.C.* and the subsequent cases, we find that the verbal agreement made by D. B. to the initial setting of the adjudication hearing outside of the time period, D. B.'s subsequent written waiver of the time limitations, and D. B.'s final verbal agreement to the adjudication hearing being set for October 2, 2013, should all be treated as good cause extensions of the time period set forth in La.Ch.Code art. 877. Thus, the time period set forth in La.Ch.Code art. 877 was extended in this case for good cause. Accordingly, we find that any error is harmless.

3. Failure to Advise of La.Code Crim. P. art. 930.8 Time Limitation

The juvenile court failed to properly advise D. B. of the time limitation for filing an application for post-conviction relief. At the guilty plea proceeding, the court stated:

> The law requires that I tell you there's a two-year limitation to file for post conviction relief. What that means is you have two years to complain about this matter if you think somebody did something wrong. Okay? That has to be done in writing. It has to be filed with the Clerk of Court in Iberia Parish. And Mr. Spears can explain more about that two [sic] you. You understand?

Louisiana Code of Criminal Procedure Article 930.8 provides the defendant has two years *after the conviction and sentence become final* to seek post-

6

conviction relief. Although the Children's Code contains no similar provision, this court has previously held that this notice should be given. *State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081 and *State ex rel. J. F.,* 03-321 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282. Therefore, this matter is remanded and the juvenile court directed to advise D. B. or the provisions of La.Code Crim. P. art. 930.8.

*Sentencing*

In this assignment of error, D. B. alleges error as to the sentence imposed by the juvenile court. Prior to D. B.'s disposition, there was some question as to what provision in the Children's Code should govern the disposition imposed. Both the State and D. B. submitted briefs to the juvenile court. In its brief, the State asserted that the maximum judgment of disposition for D. B. was commitment until age twenty-one, without benefit of probation, parole, or suspension of sentence. The State cited La.Ch.Code arts. 898(A) and 898(C)(5) as the controlling provisions. In his memorandum, D. B. asserted that the maximum judgment of disposition was age eighteen, citing La.Ch.Code art. 898(C) as his authority.

At the sentencing hearing, the juvenile court stated that it felt the State's position was the correct position:

> I think the State of Louisiana is correct insofar as the range of penalty. I think the State has cited in its brief that there is no specific statutory authority on point and that the general rules of Article 898 A and 8[98]C(1) also applies since [D. B.] at the time of his adjudication and disposition was not under the age of thirteen. He's thirteen at the time of both the commission of the offense, the adjudication and the disposition, so he doesn't qualify to be tried as an adult as a fourteen year old, but he's not also under the age of thirteen, which would require him to be sentenced up to age eighteen. So I think the disposition is found at Article 898 C (5) which says he can be sentenced until he reaches the age of twenty-one.

D. B.'s attorney then asked the juvenile court if it felt a sentence until the age of twenty-one was mandatory or did it feel that such a sentence was discretionary. The juvenile court responded:

> I think the law requires that I have to sentence him to life imprisonment without benefit of probation, parole, or suspension of sentence because he was convicted of second degree murder. Now, as a juvenile, that life sentence is maxed out at age twenty-one. It terms out at age twenty-one because we can't hold him past twenty-one according to 898 C(5). So I have to give him life imprisonment, but I have to also predicate that until age twenty-one, because that's what's required by law.

Accordingly, the juvenile court imposed the disposition on D. B.: life imprisonment without probation, parole, suspension of sentence, or modification of sentence. Additionally, the juvenile court stated it "will make this sentence only until age twenty-one, based upon the provisions of Children's Code Article 898 C (5)." Thus, the "sentence shall terminate upon his reaching age twenty-one." According to the written custody order, the length of disposition is age twenty-one Although D. B.'s counsel asked for and was granted time to file a motion to reconsider sentence, the record does not indicate that such motion was filed.

In the "Issues Presented For Review" section of his brief, D. B. states that "[t]he sole issue presented to the court is whether the juvenile's disposition/sentence ends at age 18 or age 21." Then, in the "Specification of Error" section, D. B. states, "The trial judge erred in sentencing D.B., who was 13 thirteen years old at the time of the offense to imprisonment until 21 years of age, pursuant to La.Ch.C. Art. 897.1A." In the "Law and Argument" section of the brief, D. B. asserts a two paragraph argument stating the following:

> This is a novel issue in our courts. It is an uncontested fact that D.B., who [sic] date of birth is November 23, 1999, was 13 years old at the time of the offense. The State argues that La.Ch.C. Art. 897.1 applies to this juvenile despite it's express statement that the court shall commit the child who is fourteen years or older at the time of the offense to . . . be confined in secure placement until the child attains

the age of twenty-one years without the benefit of parole, probation or suspension of sentence." . La.Ch.C. Art. 897.1 A.

On its face, this provision does not apply to 13 year old D.B. The court cannot simply sentence him to age twenty-one but must allow for parole, probation or suspension of sentence. Such was never considered. R, 101-110.

## CONCLUSION

The sentence of the trial court is inadequate. D.B. must be considered for all that the law allows at a new sentencing.

Contrary to what D. B. asserts in the "Law and Argument" section of his brief, it does not appear that the State is arguing that La.Ch.Code art. 897.1 applies. In its brief to the juvenile court and in its brief to this court, the State clearly asserts that La.Ch.Code art. 897.1 does not apply since D. B. is not age fourteen. Louisiana Children's Code Article 897.1(A) provides:

A. After adjudication of a felony-grade delinquent act based upon a violation of R.S. 14:30, first degree murder; R.S. 14:30.1, second degree murder; R.S. 14:42, aggravated rape; or R.S. 14:44, aggravated kidnapping, the court shall commit the child who is fourteen years or older at the time of the commission of the offense to the custody of the Department of Public Safety and Corrections to be confined in secure placement until the child attains the age of twenty-one years without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence.

According to the petition, D. B.'s date of birth is November 23, 1999. The offense was committed on March 12, 2013. Thus, D. B. was thirteen at the time the offense was committed, making La.Ch.Code art. 897.1(A) inapplicable.

The provision that both the State and the juvenile court felt should apply is La.Ch.Code art. 898. That article states:

A. No judgment of disposition shall remain in force for a period exceeding the maximum term of imprisonment for the felony forming the basis for the adjudication. The court shall give a child credit for time spent in secure detention prior to the imposition of disposition.

B. When modification and parole is not prohibited by Article 897.1, if an order of commitment to custody of the Department of Public Safety and Corrections is subsequently modified and the child

9

is placed on parole, the maximum term of parole shall be the remainder of the sentence originally imposed.

C. These maximums do not apply if:

(1) The child was under thirteen at the time of a commitment to custody of the Department of Public Safety and Corrections, in which case the judgment shall terminate upon the child's reaching age eighteen.

(2) A portion of an order of commitment was suspended, when permitted by law, in which case the term of parole shall end when the time period so suspended has elapsed.

(3) The child is tried as an adult and is convicted of, or pleads guilty to a felony after having been committed to the Department of Public Safety and Corrections. In this instance, after sentencing, the department shall have the authority to keep the offender in custody according to terms of the juvenile disposition, or to transfer him to serve his adult sentence. The department shall retain such authority until the expiration of the juvenile commitment when, if not effected earlier, the individual will be transferred to begin serving the adult sentence.

(4) The judgment expires by its own terms, is modified when permitted by law, or is vacated.

(5) The child reaches age twenty-one.

(6) The child is ordered to participate in a juvenile drug court program operated by a court of this state, as a condition of probation, so long as the child is a full-time participant in such juvenile drug court program.

La.Ch.Code art. 898.

Although D. B. asserted in his juvenile court memorandum and again asserts in the "Issues Presented For Review" section of his appellate brief that the maximum judgment of disposition that could be imposed against him was imprisonment until he reached the age of eighteen, this assertion is clearly incorrect since La.Ch.Code art. 898(C)(1)'s limitation applies only to juveniles who were *under thirteen* at the time the offense was committed. D. B. was thirteen when the offense was committed. Thus, the juvenile court was correct in finding that La.Ch.Code art. 898(C)(1) was inapplicable. Additionally, because none of the

other subsections of article 898 apply and no other Children's Code article is applicable, the juvenile court was correct in finding that La.Ch.Code art. 898(C)(5) is applicable. Thus, according to La.Ch.Code art. 898(A) and (C)(5), the maximum term of imprisonment (life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence) for the felony forming the basis of the present adjudication (second degree murder) does not apply if D. B. reaches the age of twenty-one. At the disposition hearing, D. B.'s counsel raised the question of whether article 898 mandated that D. B. be sentenced until age twenty-one or whether article 898 allowed the juvenile court discretion "up until twenty-one[.]" Although the juvenile court did not specifically answer D. B.'s question, his answer indicates that he felt that a disposition until age twenty-one was mandatory. It is unclear from a reading of the statute itself whether the juvenile court was mandated to impose a disposition until age twenty-one or had the discretion to impose a lesser term of imprisonment. On appeal, however, D. B. does not appear to be challenging the juvenile court's decision that the term of imprisonment was mandatory. Other than the arguments discussed and disposed of above (the inapplicability of 897.1 and 898(C)(1)), the only argument specifically raised by D. B. that merits further discussion is whether the juvenile court erred in imposing D. B.'s sentence without the benefit of parole, probation, suspension, or modification of sentence.

It appears from the juvenile court's pronouncement of the disposition that it imposed the sentence without benefit of parole, probation, suspension, or modification of sentence:

> Therefore, in consideration of all these facts, the State's memo and the Defense's memo, the Court will sentence [D.B.] to life imprisonment without probation, parole, or suspension of sentence, or modification of sentence. Additionally, the Court will make this sentence only until age twenty-one, based upon the provisions of Children's Code Article

11

898 C (5). This sentence shall terminate upon his reaching age twenty-one.

The written custody order, however, is not so clear. In one section, the custody order states that the length of the disposition is until age twenty-one. In another section, the custody order states that D. B. is placed in "the custody of the Office of Juvenile Justice . . . to be kept within the jurisdiction of this Court pending further orders not to exceed age 21." The custody order makes no mention of the sentence being imposed without benefits.

Although the custody order would normally need to be amended to accurately reflect the disposition reflected in the disposition hearing transcript, the juvenile court was incorrect in ordering the disposition to be served without benefit of parole, probation, suspension, or modification of the sentence. Unlike La.Ch.Code art. 897.1, article 898 does not state that the dispositions imposed pursuant to it must be imposed without benefit of probation, parole, suspension, or modification of sentence. In *State in the Interest of J.C.*, 09-2000 (La.App. 1 Cir. 7/15/10) (unpublished opinion), the first circuit found that a disposition imposed pursuant to La.Ch.Code art. 898 could not be imposed without the benefit of parole:

> Although this article [898] provides maximum disposition limitations, Article 898 does not authorize the juvenile court to place limitations on a child's parole eligibility at the time of the initial disposition. Such limitations are authorized and mandated only for the enumerated offenses set forth in Article 897.1 . . . .
>
> . . . .
>
> Based on our interpretation of Article 898 *in pari materia* with Article 897.1, we find the juvenile court legally erred in ordering the first three years of custody to be served without benefit of parole. Accordingly, we amend the custody order to delete this restriction.

Like the underlying offense at issue in the present case (second degree murder), one of the underlying offenses for which J. C. was adjudicated, theft of a

12

firearm, called for the sentence to be served without benefit of probation, parole, or suspension of sentence. La.R.S. 14:30.1 and La.R.S. 14:67.15. Nonetheless, the first circuit found that J. C.'s disposition could not be imposed without benefit of parole since La.Ch.Code art. 898 did not restrict parole.

In reviewing La.Ch.Code art. 898 as a whole, as well as other articles in the Children's Code and the Revised Statutes, we agree with the first circuit's finding in *J. C.* that the trial court could not restrict parole under La.Ch.Code art. 898. Additionally, the juvenile court in the present case lacked authority to impose D. B.'s disposition without the benefit of modification. First, La.Ch.Code art. 898 does not specifically authorize a juvenile court to restrict any benefits. To the contrary, section B of article 898 anticipates that dispositions imposed pursuant to article 898 *will* be subject to modification and parole:

> B. When modification and parole is not prohibited by Article 897.1, if an order of commitment to custody of the Department of Public Safety and Corrections is subsequently modified and the child is placed on parole, the maximum term of parole shall be the remainder of the sentence originally imposed.

Additionally, La.Ch.Code art. 909 states that the juvenile court retains the power to modify a juvenile's disposition except as provided for in La.Ch.Code art. 897.1:

> Except as provided for in Article 897.1, after the entry of any order of disposition, the court retains the power to modify it, including changing the child's legal custody, suspending all or part of any order of commitment, discharging conditions of probation, or adding any further condition authorized by Article 897(B) or 899(B). It may also terminate an order of disposition at any time while it is still in force.

Louisiana Children's Code Article 910 allows a motion for modification to be filed by the district attorney, the child, his parents, the custodian of the child, a probation officer, or the court.

13

In La.R.S. 15:906, the legislature announced its intent that all juveniles, except those sentenced pursuant to La.Ch.Code art. 897.1, should have the opportunity for early release from commitment:

> A. (1) Except as provided for in Children's Code Article 897.1, the Department of Public Safety and Corrections may recommend to the committing court the release of any juvenile committed to its care, who, in the opinion of the department, is ready to be returned to his own home, or to a substitute home. Such juvenile may be discharged by the court without supervision or may be placed under supervision until further orders of the court.

> (2) Except as provided for in Subsection B of this Section, it is hereby declared to be the public policy of this state that commitment of a juvenile to the care of the department is not punitive nor in anywise to be construed as a penal sentence, but as a step in the total treatment process toward rehabilitation of the juvenile and that, therefore, the recommendations of the department should be given careful consideration by the court in determining what is to be the best interest of the juvenile. If, after release from the care of the department, but while the juvenile is still under the supervision of the court, the court deems it advisable to return the juvenile to the care of the department, a recommitment order shall be furnished the department.

> B. In cases governed by Children's Code Article 897.1, it is hereby declared to be the public polity of this state that commitment of a juvenile to the custody of the Department of Public Safety and Corrections for confinement in secure placement without benefit of parole, probation, suspension of imposition or execution of sentence, or modification of sentence, is necessary and proper because for these very serious offenses the protection of society is the primary objective.

In 1982, the first circuit relied upon La.R.S. 15:906 in finding that the trial court erred when it imposed restrictive conditions on the juvenile's disposition. *State in the Interest of Guy*, 413 So.2d 657 (La.App. 1 Cir. 1982). At the time of the *Guy* decision, the provisions of La.R.S. 15:906 were substantially the same as they are now, with the exception of La.R.S. 15:906's current exclusion of those juveniles sentenced under La.Ch.Code art. 897.1. The trial court in *Guy* ordered that Guy receive "[n]o holiday leaves or weekend passes, leaves or paroles, etc. for one year" and that Guy be ineligible "for parole for a period not to exceed two (2)

14

years." *Id.* at 658. Relying upon La.R.S. 15:906 and La.R.S. 15:908 (student furlough program), the first circuit ordered that these restrictive conditions be stricken from Guy's commitment order:

> Though the Family Court Judge may well be correct in his present conviction, based on his experience with this case and his personal observation of the appellant, that rehabilitation will require at least one year imprisonment without furloughs and at least two years before release, he should not have imposed those restrictions in advance as part of the order of commitment. Under the statutes reproduced above, the initial decision to recommend a furlough or release is to be made by the Department of Corrections based solely on its expert judgment of the rehabilitative progress made by the affected juvenile during the period of commitment. Thereafter, the committing judge is empowered to exercise a veto, but he is duty bound to bear in mind the non-penal nature of juvenile commitments and to give "careful consideration" to the Department's recommendations.
>
> The commitment order herein is hereby amended by striking out the restrictive conditions quoted in full above. As so amended, the judgment is affirmed.

*Id.* at 658-59.

Considering the language in La.Ch.Code art. 898(B) concerning the possibility of parole, the language in La.Ch.Code art. 909 concerning the court's power to modify a sentence, the language of La.R.S. 15:906 concerning the Department of Corrections' authority to seek early release for a juvenile, the language in La.R.S. 15:906 concerning the legislature's clear intent for rehabilitation for all juveniles except those who fall under La.Ch.Code art. 897.1, and the first circuit's opinion in *J.C.*, the juvenile court erred in imposing the present Juvenile's disposition without benefit of parole or modification of sentence.

The juvenile court also apparently believed that it could not suspend any portion of D. B.'s disposition and place D. B. on probation. As noted previously, unlike La.Ch.Code art. 897.1, La.Ch.Code art. 898 does not impose any restrictions

15

on suspension and probation. Additionally, probation is specifically allowed by La.Ch.Code art. 897 for any felony-grade delinquent acts other than those described in La.Ch.Code art. 897.1. Louisiana Children's Code Article 897 provides in pertinent part:

> A. After adjudication of any felony-grade delinquent act other than those described in Article 897.1, the court may:
>
> . . . .
>
> (3) Place the child on probation in the custody of his parents or other suitable person.
>
> . . . .
>
> E. Except as provided for in Article 897.1, the court may impose but suspend the execution of the whole or part of any order of commitment and place the child on probation subject to any of the terms and conditions authorized under Paragraph B of this Article.

Considering La.Ch.Code art. 897's authorization of probation for all juveniles who commit a felony-grade delinquent act except for those who fall under La.Ch.Code art. 897.1, the juvenile court apparently believed that he could not suspend any portion of D. B.'s disposition and place him on probation. "[A] sentence founded on an incorrect view of the law should usually be set aside." *State v. Spruell*, 403 So.2d 63, 64 (La.1981); *See also State in the Interest of S.D.*, 13-1028 (La.App. 3 Cir. 2/12/14) (unpublished opinion), where this court vacated and remanded that portion of the disposition that was imposed under a mistaken belief that the juvenile court had no discretion as to the term of the disposition to be imposed. Thus, this court vacates the disposition imposed and remands for the juvenile court to impose a new judgment of disposition with the knowledge that the disposition should not be imposed without the benefit of probation, parole, suspension or modification of the disposition. However, this court also instructs the juvenile court that nothing in this remand should be construed as an instruction that

16

it should impose a particular term of disposition or that the juvenile court should suspend any portion of D. B.'s disposition. *See S.D.*, 13-1028.

## CONCLUSION

For these reasons, this court vacates the disposition imposed and remands for the juvenile court to impose a new disposition with the knowledge that the disposition should not be imposed without the benefit of probation, parole, suspension, or modification of sentence. This court further instructs the juvenile court that nothing in this remand should be construed as an instruction by this court that it should impose a particular term of disposition or that it should suspend any portion of D. B.'s disposition. The juvenile court is further directed to inform D.B. of the provisions of La.Code Crim.P. art. 930.8 at the new disposition hearing.

**DISPOSITION VACATED AND CASE REMANDED WITH INSTRUCTIONS.**